UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

KEVIN TOTH,

        Defendant.

20-CR-177 (JLS) (MJR)

---

## DECISION AND ORDER

On November 12, 2020, a grand jury returned an indictment charging Defendant Kevin Toth with Obstruction of Justice in violation of 18 U.S.C. § 1512(c)(1). Dkt. 27. United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 29.

On March 19, 2022, Defendant filed motions to suppress evidence and various discovery motions. Dkt. 87. Specifically, Defendant moved to suppress evidence obtained pursuant to a search warrant issued for his Facebook account and certain statements Defendant made to law enforcement. *Id.* at 5-7. He also moved: (1) to preclude out-of-court identification of evidence; (2) for a Bill of Particulars; (3) for disclosure of *Brady* materials; (4) for disclosure of evidence the government may seek to use pursuant to Rules 404(b), 608, or 609 of the Federal Rules of Evidence; (4) for disclosure of witness names and statements prior to trial; (5) for an order directing the presentation of all rough notes taken in the course of

investigation; and (6) to join in pre-trial motions of co-defendant Samantha Yeates. *Id.* at 7-9. The government responded in opposition to Defendant's motions on May 27, 2022. Dkt. 97. In its opposition, the government moved for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. *Id.* at 27. Defendant did not reply.

On July 13, 2022, Judge Roemer issued a combined Report, Recommendation, and Order. Dkt. 99. The Court denied Defendant's discovery motions, except that the Court granted Defendant's motion for an order directing the preservation of rough notes to the extent the request was not already moot. *Id.* at 10-15. The Court also granted the Government's motion for reciprocal discovery. *Id.* at 16.

In addition, the Court recommended that this Court deny Defendant's motions to suppress. *Id.* at 2-10. Defendant filed objections on August 31, 2022, arguing that the search warrant issued for Defendant's Facebook account was overbroad and lacked particularity. Dkt. 102. The Government responded on October 11, 2022, arguing that this Court should adopt Judge Roemer's recommendation. Dkt. 108. Defendant replied on October 28, 2022. Dkt. 111.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court has carefully reviewed the thorough recommendation, the record in this case, the objection, response, and reply, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation.[1]

For the reasons stated above and in Judge Roemer's recommendation, the Court DENIES Defendant's motions to suppress (Dkt. 87).

SO ORDERED.

Dated:   November 8, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Defendant requests that the Court require "search protocols," *see* Dkt. 102 at 3, that request is denied because Defendant failed to present this argument to the Magistrate Judge. *See United States v. Sun*, No. 19-CR-00135 2022 WL 1744170, at *3 (W.D.N.Y. May 31, 2022) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not") (citation omitted).